**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Lisa Pedro, | : |
| | : |
| | : Civil Action No.: 1:14-cv-10111 |
| Plaintiff, | : |
| v. | : |
| | : |
| The Law Office of Daniel M. Slane; and | : **COMPLAINT** |
| DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |

For this Complaint, Plaintiff, Lisa Pedro, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Lisa Pedro ("Plaintiff"), is an adult individual residing in Lynn, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant The Law Office of Daniel M. Slane ("Slane"), is a New York business entity with an address of 295 Main Street, Buffalo, New York 14203, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.  Does 1-10 (the "Collectors") are individual collectors employed by Slane and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  Slane at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.  Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Slane for collection, or Slane was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Slane Engages in Harassment and Abusive Tactics

12. On or about October 17, 2013, Slane left a message on Plaintiff's son's cellular phone in which Slane told Plaintiff's son that his mother would go to jail if the Debt was not paid.

13. Further, during numerous conversations, Slane failed to disclose to Plaintiff that it was a debt collector calling to collect the Debt, and that any information obtained would be used for that purpose.

14. Slane's unfair and deceptive collection tactics have caused Plaintiff a great deal of stress and anxiety.

**C. Plaintiff Suffered Actual Damages**

15. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

16. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants disclosed to Plaintiff's son that Plaintiff owed the Debt.

19. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

21. Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with imprisonment if the Debt was not paid.

22. Defendants' conduct violated 15 U.S.C. § 1692e(7) in that Defendants misrepresented that Plaintiff had committed a crime, in order to disgrace Plaintiff.

23. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

24.     Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform Plaintiff that communications were an attempt to collect the Debt.

25.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

26.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

27.     Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, *et seq.*

28.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.      Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

30.     Defendants threatened that nonpayment of the Debt would result in Plaintiff's arrest or garnishment of Plaintiff's wages, in violation of 940 CMR § 7.04(1)(b).

31.     Defendants engaged Plaintiff in communication via telephone, initiated by Defendants, in excess of two calls in each seven-day period at Plaintiff's residence and two calls in each 30-day period other than at Plaintiff's residence, for each debt, in violation of 940 CMR § 7.04(1)(f).

32.      Defendant's failure to comply with these provisions is an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 16, 2014

Respectfully submitted,

By   */s/ Sergei Lemberg*

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff